RAFAEL ROBERT VIZCARRONDO, ETC., demandantes y recurrentes, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* O-83-246     *Resuelto:* 30 de junio de 1983

*Julio L. Aguirre,* de *Fiddler, González & Rodríguez,* abogado de los peticionarios; *Miguel Pagán, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El 9 de febrero de 1982 el Departamento de Hacienda de Puerto Rico envió por correo certificado con acuse de recibo la "notificación final y requerimiento de pago" en relación al caudal relicto del fenecido Rafael Robert Santini. Los aquí peticionarios, herederos del señor Robert Santini, alegando que la notificación final antes mencionada era contraria a derecho y en virtud de las disposiciones de la Sec. 282 del Tít. 13 de las Leyes de Puerto Rico Anotadas[1] presentaron el día 11 de marzo de 1982 la correspondiente demanda contra el Secretario de Hacienda ante la Sala de San Juan del Tribunal Superior de Puerto Rico. Luego de varios incidentes procesales, que resulta innecesario reseñar, el demandado Secretario de Hacienda presentó una moción de desestimación en la que alegó que el tribunal de instancia carecía de jurisdicción por haberse presentado la demanda fuera del término jurisdiccional de treinta (30) días que prescribe la citada Sec. 282, por cuanto, *según el Secretario,* al computarse dicho término se debe incluir o contar el día en el cual la notificación final es depositada en

---

[1] Según las disposiciones de 13 L.P.R.A. sec. 282(A)(4), un contribuyente que no esté conforme con una determinación final notificada por el Secretario de Hacienda podrá apelar de ella ante el Tribunal Superior de Puerto Rico cumpliendo con los siguientes requisitos:

"De una determinación final del Secretario de Hacienda, notificada en la forma provista en la sec. 896 de este título, pagando la parte de la contribución con la cual estuviere conforme el contribuyente, y radicando su demanda en el Tribunal Superior en la forma dispuesta por las secs. 286 a 289 de este título, *dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo* de la notificación de la determinación final del Secretario de Hacienda; *Disponiéndose,* que tanto *el término de treinta (30) días para recurrir ante el Tribunal Superior* como el pago dentro de dicho término de la parte de la contribución con la cual estuviere conforme el contribuyente, *se considerarán de carácter jurisdiccional."* (Énfasis suplido.)

el correo. (²) Los demandantes, por su parte, en la oposición a la moción de desestimación presentada ante el tribunal de instancia alegaron que de acuerdo con las disposiciones tanto del Art. 388 del Código Político de Puerto Rico, 1 L.P.R.A. sec. 72, (³) como de la Regla 68.1 de las Reglas de Procedimiento Civil de 1979, (⁴) al computarse cualquier término prescrito por ley, por estatuto aplicable o por orden del tribunal, no se cuenta el día en que se realiza el acto después del cual el término fijado empieza a correr.

Mediante sentencia de fecha 11 de marzo de 1983, intitulada "Sentencia por Desistimiento", el Hon. Tribunal Superior de Puerto Rico, Sala de San Juan, estimó correcto el planteamiento hecho por el demandado Secretario de Hacienda y, en consecuencia, desestimó la demanda por alegadamente carecer de jurisdicción. (⁵) *Dicha sentencia fue notificada a las partes con fecha de 30 de marzo de 1983.*

Habiendo acudido ante este Tribunal la parte demandante —*vía recurso de certiorari radicado el 12 de abril de 1983*— imputándole error al así actuar al tribunal de instancia, emitimos orden para mostrar causa. En su comparecencia el recurrido Secretario de Hacienda plantea, entre otras cosas, que este Tribunal carece de jurisdicción para entender en el presente recurso por haberse radicado

---

(²) En cuyo caso, de ser correcta la posición asumida por el Secretario de Hacienda, la demanda fue presentada en instancia en el día número treinta y uno (31) en lugar del día treinta (30).

(³) El Art. 388 del Código Político de 1902 dispone:
"El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará *excluyendo el primer día e incluyendo el último,* a menos que éste sea día de fiesta, en cuyo caso será también excluido." (Énfasis suplido.)

(⁴) La citada Regla 68.1, en lo pertinente, dispone:
"En la computación *de cualquier término* prescrito o concedido por estas reglas, o por orden del tribunal *o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr."* (Énfasis suplido.)

(⁵) En lo pertinente, se expresa en la sentencia dictada:
"El Tribunal desestima la presente acción por falta de jurisdicción. (13 L.P.R.A. sec. 282)"

el mismo fuera del término de diez (10) días que prescribe la Sec. 372(a)(7) y (8) de la Ley de Contribuciones sobre Caudales Relictos y Donaciones de Puerto Rico, 13 L.P.R.A. sec. 5372(a)(7) y (8). La parte recurrente no ha comparecido en autos a controvertir el referido planteamiento de falta de jurisdicción. Resolvemos.

La antes mencionada Sec. 372 de la vigente Ley de Contribuciones sobre Caudales Relictos y Donaciones de Puerto Rico, Ley Núm. 167 de 30 de junio de 1968, en su apartado a, incisos 7, 8 y 9 (13 L.P.R.A. sec. 5372(a)(7), (8) y (9)), dispone:

Sec. 5372. *Procedimiento en general*

(a) *Notificación de deficiencia y recursos administrativos y judiciales.*—Salvo lo que de otro modo se disponga en este Subtítulo—

.    .    .    .    .    .    .    .

(7) Si el contribuyente no acompañare la demanda con la solicitud requerida por el párrafo (4) de este apartado para que se reduzca el monto de la fianza, o para que se le exonere de prestarla, o para que se apruebe la fianza prestada; o dejare de contestar las objeciones del Secretario a cualquier fianza hechas después de estar el caso ante el Tribunal, o dejare de comparecer a la vista en relación con cualquier fianza; o dejare de prestar cualquier fianza requerida por el Tribunal dentro del término que se le hubiere concedido; *o no radicare su demanda en el Tribunal Superior dentro del término prescrito para ello*; o de otro modo no prestare fianza dentro de dicho término para recurrir ante el Tribunal; o dejare de cumplir con cualesquiera de los requisitos impuestos por este apartado para que el Tribunal Superior pueda conocer del asunto, *será causa suficiente para que la demanda sea desestimada, en cuyo caso la sentencia o resolución que se dictare será final y firme.*

(8) No obstante lo dispuesto en el párrafo siete (7) precedente la sentencia o resolución del Tribunal Superior conociendo o negándose a conocer de un asunto *por alegado incumplimiento* por parte del contribuyente de los requisitos establecidos en este apartado para que el Tribunal pueda

conocer del asunto, *sólo podrán ser revisadas por el Tribunal Supremo mediante recurso de certiorari radicado por cualquier parte afectada dentro de diez (10) días a partir de la fecha en que fuere notificada de dicha sentencia o resolución.*

(9) Con sujeción a los requisitos impuestos por el apartado (b) de esta sección, *cualquier sentencia final* dictada por el Tribunal Superior *en los méritos de las deficiencias,* podrá ser revisada por el Tribunal Supremo *mediante recurso de revisión* radicado en la Secretaría de dicho Tribunal *dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior;* Disponiéndose, sin embargo, que en los casos en que la sentencia del Tribunal Superior determine que existe una deficiencia, se ordenará por el Tribunal Superior la radicación de un cómputo de la contribución y dicha sentencia no se considerará final y el término para radicar el recurso de revisión ante el Tribunal Supremo no comenzará a contar para las partes sino a partir de la fecha del archivo en autos de la notificación al contribuyente y al Secretario de la resolución del Tribunal Superior aprobando el cómputo de la contribución determinada por este último Tribunal. (Énfasis suplido.)

Como vemos, el legislador, en lo relativo a esta materia, estableció o concibió *dos procedimientos totalmente distintos en lo referente a la revisión judicial por este Tribunal de los procedimientos acaecidos en instancia: uno para cuando el caso es resuelto en los méritos* (las partes podrán acudir ante este Tribunal, *vía recurso de revisión, dentro de los treinta días* siguientes al archivo en autos de una copia de la notificación de la sentencia dictada); y el otro para cuando el Secretario de Hacienda haya planteado el *alegado* incumplimiento por parte del demandante de uno de los requisitos —de carácter jurisdiccional— (⁶) enumerados en el inciso 7

---

(⁶) El transcrito inciso 7, *ante,* no tiene otro propósito que establecer una serie de requisitos con los cuales viene obligado a cumplir aquel contribuyente que no esté de acuerdo con la determinación administrativa final que haya hecho el Secretario de Hacienda referente a la contribución sobre herencia adeudada en determinado caso como condición para poder cuestionar judicialmente dicha

de la Sec. 372, *ante* (la parte afectada por la resolución o sentencia emitida al respecto por el tribunal de instancia viene obligada a revisar, *vía certiorari*, dicho dictamen "dentro de diez (10) días a partir de la fecha en que fuere notificada de dicha sentencia o resolución").

La vigente Ley de Contribuciones sobre Caudales Relictos y Donaciones de Puerto Rico fue precedida por la Ley Núm. 303 de 12 de abril de 1946. En dicho estatuto no existía una disposición similar a la provista por el inciso 8 de la Sec. 372 de la Ley Núm. 167. El historial legislativo de esta última no arroja luz sobre cuál fue la intención del legislador al incorporar dicha disposición legal al estatuto. En términos generales se puede aseverar que la Ley de Contribuciones sobre Caudales Relictos y Donaciones fue estructurada teniendo como modelo el Código federal de Rentas Internas de 1954.(7) Al revisar este cuerpo de normas no hallamos disposiciones análogas a las comprendidas en la citada Sec. 372(8).

La Ley de Contribuciones sobre Ingresos de 1954, Ley Núm. 91 de 29 de junio de 1954, sin embargo, contiene una disposición prácticamente idéntica a la aquí bajo consideración. En la Sec. 272, inciso 8, de la referida Ley Núm. 91 —13 L.P.R.A. sec. 3272(8)— se dispone:

> Las decisiones del Tribunal Superior sobre los méritos en cualquier incidente de fianza, así como sus decisiones cono-

---

determinación administrativa. "Conocido es el principio que de ordinario una acción judicial que requiera un fallo sobre si procede o no imponer y cobrar una contribución o si existe la obligación o no de pagarla, es una demanda contra el Soberano y requiere el consentimiento del Estado para que se le demande." *Larroca* v. *Aboy*, 82 D.P.R. 492, 498 (1961). En otras palabras, "Estos llamados 'requisitos jurisdiccionales' no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por tanto, deben ser cumplidos estrictamente, y en la misma forma que se ha exigido por el legislador. *R. Santaella & Bros.* v. *Tribl. de Contribuciones*, 66 D.P.R. 868 (1947)". *Cafeteros de Puerto Rico* v. *Srio. de Hacienda*, 82 D.P.R. 633, 641 (1961).

(7) Véase: G. Meléndez Carrucini, *Manual de Contribuciones sobre Caudales y Donaciones*, San Juan, Instituto de Contribuciones de Puerto Rico, 1969, prefacio e introducción.

ciendo o negándose a conocer de un asunto por alegado incumplimiento por parte del contribuyente de los requisitos establecidos en este apartado para que el Tribunal pueda conocer del asunto, serán inapelables, pero cualquier parte afectada podrá, dentro de 10 días a partir de la fecha en que fuere notificada de dicha decisión, solicitar revisión de la misma por el Tribunal Supremo mediante recurso de *certiorari.* [8]

El debate legislativo no revela expresamente el porqué de esta disposición. En lo referente al aspecto procesal surge, no obstante, que:

59. *Página 268, línea 10 a página 270, línea 10*—Se redactó de nuevo la Sección 272(*a*), aquí comprendida, para traer a la misma, con enmiendas y ajustes necesarios, aquella parte del procedimiento sobre deficiencias y en cuanto a recursos del contribuyente que aparecían en la Ley Núm. 235 del 1949, *procediéndose, además, a incluir disposiciones adicionales necesarias.* Los cambios más importantes son los siguientes:

(*a*) Se eliminó el requisito de establecer fundamentos en la solicitud de vista administrativa. Ello facilita el procedimiento en la etapa administrativa e impide que la solicitud de vista administrativa no sea considerada en los méritos por entenderse que no ha sido debidamente fundamentada.

(*b*) Se dispuso expresamente que el contribuyente podrá radicar su demanda y tendrá derecho a litigar la deficiencia en la Sala del Tribunal Superior a la cual corresponda el municipio de su residencia cuando la conveniencia de los testigos así lo exigiere, e independientemente de las disposiciones de ley sobre lugar del juicio o traslado de causas.

(*c*) Se enmendó el procedimiento para litigar la deficiencia

---

[8] El Lcdo. Genovevo Meléndez Carrucini, comentando esta disposición legal, expresa:

"Por otro lado, el estatuto en la sección 272(a)(8) provee el recurso de certiorari (especial) para recurrir ante el Tribunal Supremo contra una resolución del Tribunal Superior sobre cualquier incidente de fianza y sobre cualquier decisión declarándose sin jurisdicción por incumplimiento de cualquiera de los requisitos de la sección 272(a). El término para este recurso de certiorari es de 10 días." *Procedimiento Contributivo de Puerto Rico*, San Juan, Instituto de Contribuciones de Puerto Rico, 1981, pág. 241.

en el Tribunal Superior expresándose en forma detallada y específica todas las incidencias procesales de dicha litigación.

(*d*) *Se dispuso que las resoluciones interlocutorias del Tribunal Superior sobre fianzas y otros aspectos jurisdiccionales sean revisables por el Tribunal Supremo mediante certiorari.* El proyecto aprobado por la Cámara niega expresamente dicha revisión en cuanto a los incidentes de fianzas se refiere y no provee para la revisión en cuanto a los otros aspectos jurisdiccionales.

(*e*) Se estableció en forma expresa y detallada la forma de apelar al Tribunal Supremo las sentencias del Tribunal Superior en los méritos de la deficiencia. (Énfasis suplido.)[9]

La Ley Núm. 235 de 10 de mayo de 1949 a la que se alude en el debate fue el estatuto que estableció un procedimiento uniforme para recurrir ante el extinto Tribunal de Contribuciones. Esa pieza legislativa tampoco contenía una disposición como la que hoy nos ocupa. Inferimos, en consecuencia, que el *certiorari* establecido por el legislador fue una de las *"disposiciones adicionales necesarias"* de que se habla en el debate.[10]

No obstante la ausencia de un historial ilustrativo de la procedencia en nuestra jurisdicción del *certiorari* especial establecido por el citado inciso 8 de la Sec. 372 de la Ley Núm. 167, *supra,* dado los claros, precisos e inequívocos términos de dicha disposición legal, entendemos que la misma representa un mandato expreso del legislador que es de estricto cumplimiento.[11] Y es que resulta lógico y razonable la diferencia establecida por el legislador: no se requiere un término de tiempo tan largo para controvertir ante el tribunal apelativo una determinación de falta de jurisdicción por razón del alegado incumplimiento de uno

---

[9] 4 *Diario de Sesiones* (Ordinaria) T. IV, págs. 2150–2151 (22 de mayo de 1954).

[10] Nuestra Asamblea Legislativa incorporó este mecanismo procesal especial en otras leyes. Véase: Ley de Patentes Municipales de 1974, Núm. 113, Pte. 1, de 10 de julio de 1974, Sec. 16, incisos (a)(7), (8) y (9).

[11] "El texto claro de la ley es la expresión por excelencia de la intención legislativa. . . ." *Rodríguez Rodríguez* v. *Gobernador,* 91 D.P.R. 101, 107 (1964).

de los requisitos enumerados en el inciso 7 de la citada Sec. 372 como se necesita para poder controvertir una sentencia dictada luego de un juicio plenario.

No debe perderse de vista, por último, "la doctrina que propone que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula, está el gobierno renunciando a su inmunidad de soberano. *De ahí nace el principio de que los requisitos que el estatuto exige a tales fines, son de estricto cumplimiento por parte del contribuyente y por lo general de carácter jurisdiccional para los tribunales*". (Énfasis suplido.)[12]

Resolvemos, en consecuencia, que le asiste la razón al recurrido Secretario de Hacienda en lo referente al planteamiento de que carecemos de jurisdicción en el presente recurso. La parte recurrente venía en la obligación de presentar el recurso de *certiorari* dentro del término de diez días a partir de la fecha de la notificación de la sentencia dictada, *independientemente de la corrección o no del dictamen emitido por el tribunal de instancia* a los efectos de que los recurrentes habían presentado su demanda fuera del término jurisdiccional de los treinta días que requiere la ley.[13]

Ello es así por cuanto la obligación de recurrir ante este Tribunal, en esta clase de casos, "vía recurso de revisión en treinta días" o "vía *certiorari* en diez días" *depende exclusivamente de si el caso en instancia se resolvió en los méritos.* Ese es el hecho verdaderamente determinante; y *no* si el tribunal de instancia se equivocó al resolver si el demandante había incumplido con uno de los requisitos que la ley le exige como condición previa a presentar su demanda. Obsérvese que el citado inciso 8 de la Sec. 372 de la Ley

---

[12] Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico*, supra, pág. 3.

[13] Incorrectamente en el presente caso.

habla del *"alegado* incumplimiento por parte del contribuyente de los requisitos establecidos". (Énfasis suplido.)

Por las razones antes expresadas, *se expide el auto y se dicta sentencia en que se desestima el recurso interpuesto por falta de jurisdicción.* (¹⁴)

El Juez Asociado Señor Díaz Cruz emitió voto disidente al cual se une el Juez Presidente Señor Trías Monge, el Juez Asociado Señor Negrón García se inhibió.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz al que se une el Juez Presidente Señor Trías Monge.

La disposición aplicable, 13 L.P.R.A. sec. 5372(a)(7), tiene carácter de *numerus clausus* por lo que solo las incidencias allí enumeradas están limitadas en revisión al *certiorari* de 10 días provisto en el siguiente apartado (8). El contribuyente de hecho *radicó su demanda dentro del término prescrito para ello,* por lo que su recurso queda excluido del inciso 7. Es el correcto análisis que en la opinión se hace del término para apelar al Tribunal Superior lo que fija el hecho de que apeló en tiempo, y no la cuenta errónea de la sala de instancia. Determinado tal hecho, y establecida esa realidad, su recurso a este Tribunal no queda afectado por la disposición aplicable a quien "no radicare su demanda en el Tribunal Superior dentro del término prescrito para ello". Tenemos jurisdicción y debe proseguirse con la orden para mostrar causa y su criterio. La parte recurrente no venía obligada a replicar, si no se le pidió posición sobre la cuestión. El error no causa Derecho.

---

(¹⁴) Habiéndose archivado en autos la sentencia dictada por el tribunal de instancia con fecha 30 de marzo de 1983, la parte recurrente tenía hasta el lunes 11 de abril de 1983 para presentar su recurso. El mismo fue presentado el 12 de abril de 1983. Un dato que merece destacarse es que el recurso que presentaron los recurrentes, aparentemente conscientes de lo aquí resuelto, es precisamente el recurso de *certiorari.*