# 2004 DTA 88

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE SAN JUAN
### PANEL I

BLAS D. DIAZ RIVERA
Apelante

v.

SECRETARIO DE HACIENDA
Apelado

Núm. KLAN-03-00505

San Juan, Puerto Rico, a 12 de abril de 2004

Panel integrado por su Presidente, el Juez Rivera Martínez,
el Juez González Rivera y la Juez Peñagarícano Soler

Rivera Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Blas D. Díaz Rivera presentó escrito de apelación el 7 de mayo de 2003. Mediante el mismo, solicita que se revoque la sentencia dictada el 21 de marzo de 2003 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso de *Blas D. Díaz Rivera v. Secretario de Hacienda,* KCO-2000-0018. Dicha sentencia fue archivada en autos el 7 de abril de 2003.

Luego de examinar minuciosamente el expediente apelativo, así como el derecho aplicable, resolvemos confirmar la sentencia dictada por el Tribunal de Primera Instancia. Veamos.

### I

En el año 1998, el Sr. Blas D. Díaz Rivera (en adelante el señor Díaz Rivera), optó por retirarse del servicio público activo y solicitó la liquidación de su nómina y de los beneficios correspondientes.

El 30 de junio de 1998, el Departamento de Hacienda recibió del Senado de Puerto Rico una nómina especial para el pago de $2,400 por concepto de liquidación de vacaciones del señor Díaz Rivera. El Departamento de Hacienda retuvo dicha nómina, ya que el señor Díaz Rivera tenía deudas contributivas con el erario, por lo que el Departamento estaba impedido de desembolsar los fondos en virtud de lo dispuesto en el Artículo 9(j) de la Ley Núm. 230 del 23 de julio de 1974, conocida como la Ley de Contabilidad del Gobierno de Puerto Rico, 3 L.P.R. A. § 283h(j).

El 14 de octubre de 1998, el señor Díaz Rivera cursó una comunicación a la entonces Secretaria de Hacienda, Honorable Xenia Vélez Silva, impugnando el crédito antes mencionado. El 26 de octubre de 1998, el Departamento de Hacienda acreditó la suma retenida a la deuda del señor Díaz Rivera y le notificó la razón por la cual no procedía remitirle su compensación, apercibiéndole de su derecho a solicitar revisión ante la Secretaría de Procedimiento Adjudicativo.

Posteriormente, el señor Díaz Rivera solicitó la celebración de una vista administrativa a la Secretaria de Hacienda. Esta solicitud fue referida a la Secretaría de Procedimiento Adjudicativo, quien ordenó al Negociado de Recaudaciones que contestara la querella. El Negociado de Recaudaciones contestó la querella mediante escrito presentado el 25 de febrero de 1999. En el mismo, se citó al querellante a una vista administrativa para el 5 de mayo de 1999.

En la vista administrativa del 5 de mayo de 1999, el señor Díaz Rivera argumentó que la deuda cobrada ya estaba prescrita y que le aplicaba el beneficio de lo establecido en la Ley Núm. 209 del 9 de agosto de 1998, 3 L. P.R.A. § 283(a), la cual enmendó el Código de Rentas Internas, a los fines de proveer que no empece lo dispuesto en la Ley de Contabilidad del Gobierno, el Estado estaría impedido de cobrar deudas sobre las cuales hubieren transcurrido diez (10) años desde que fueron tasadas. Ante tal situación, el Oficial Examinador ordenó a las partes que se expresaran por escrito en cuanto a la aplicación de la Ley Núm. 209 a los hechos del caso. Luego de que ambas partes expusieran sus respectivas posiciones, la Secretaría de Procedimiento Adjudicativo denegó la solicitud presentada por el señor Díaz Rivera.

En la Resolución emitida el 1 de diciembre de 2000 y archivada en autos copia de su notificación el 4 de diciembre de 2000, el Departamento resolvió que el Artículo 9 (j) de la Ley de Contabilidad del Gobierno, impedía al Departamento de Hacienda efectuar desembolso alguno a favor de un contribuyente que tuviese una deuda contributiva con el erario; y que la Ley Núm. 209, *supra*, no era aplicable a los hechos del caso por la misma no tener efecto retroactivo. Se indicó en la resolución que la vigencia de esa ley comenzó el 8 de febrero de 1999 y la retención del salario ocurrió el 26 de octubre de 1998. Así las cosas, el 19 de diciembre de 2000, el señor Díaz Rivera solicitó la reconsideración de tal determinación, pero el Departamento de Hacienda no actuó sobre la misma.

Posteriormente, el señor Díaz Rivera presentó una demanda ante el Tribunal de Primera Instancia, en la cual solicitó que se declarara que la retención efectuada por el Departamento de Hacienda fue contraria a derecho y solicitó, además, que se le ordenara al Departamento el reintegro de la suma retenida, más los intereses correspondientes. El 3 de septiembre de 2002, el señor Díaz Rivera enmendó su demanda a los fines de incluir una acción de daños y perjuicios.

Luego de varios trámites, el 24 de enero de 2003, el Estado Libre Asociado de Puerto Rico presentó una Moción de Sentencia Sumaria, a la cual se opuso el señor Díaz Rivera mediante escrito presentado el 14 de marzo de 2003.

El Tribunal de Primera Instancia, mediante sentencia emitida el 21 de marzo y archivada en autos copia de su notificación el 7 de abril de 2003, desestimó la demanda. En la sentencia, el Tribunal determinó que los descuentos de sueldo y planes de pagos efectuados fueron realizados conforme a derecho y que el señor Díaz Rivera carecía de una causa de acción en daños y perjuicios. El señor Díaz Rivera solicitó reconsideración, a la cual se opuso el E.L.A. El Tribunal de Instancia no se expresó sobre tal solicitud.

Luego de varios trámites procesales, el señor Díaz Rivera presentó ante nos escrito de apelación. En el mismo se señalan seis errores alegadamente cometidos por el Tribunal de Primera Instancia, a saber: (1) que a la parte demandante se le violentó su derecho al debido proceso de ley al no notificarle de vista y dictar sentencia sin considerar todos sus escritos y argumentos jurídicos; (2) que según el Código de Rentas Internas, la alegada deuda estaba prescrita, por lo que el Departamento de Hacienda queda impedido de cobrar la misma; (3) que erró el Tribunal al no tomar en cuenta que no existe en nuestro ordenamiento un mecanismo alterno, jurídicamente viable, mediante el que el Departamento de Hacienda pueda cobrar a un contribuyente una deuda prescrita; (4) erró el Tribunal al no tomar en cuenta que la retención efectuada por Hacienda constituye un embargo de salario realizado de forma contraria a lo dispuesto en nuestro ordenamiento jurídico; (5) erró el Tribunal al no tomar en cuenta que de conformidad con la Ley Núm. 209 del 9 de agosto de 1998 procede el reintegro de los salarios confiscados; (6) erró el al Tribunal resolver que un ciudadano no tiene derecho de recobrar los daños que experimente cuando en el procedimiento administrativo se le violenten sus derechos constitucionales; y (7) que la relación de hechos que recoge la sentencia repite la versión parcializada de los hechos de la parte demandada, sin haberse brindado la oportunidad a la parte demandante de refutar los mismos y que por tal razón, la relación de hechos dificulta la revisión futura de la sentencia dictada.

Oportunamente, la parte apelada presentó ante nos su alegato y solicitud de desestimación.

## II

Como primer señalamiento de error, la parte apelante del caso de autos plantea que el Tribunal de Primera Instancia violentó su derecho al debido proceso de ley al no notificarle la vista y al dictar sentencia sin considerar todos sus escritos y argumentos. Veamos.

La moción de sentencia sumaria, consagrada en la Regla 36 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A., Ap. III, R. 36, tiene el propósito cardinal de promover una solución justa, rápida y económica de la litigación, abreviando la disposición de los pleitos que, *"por no envolver una genuina controversia de hechos, el juicio en su fondo es innecesario"*. *Corp. Presiding Bishop CJ of LDS v. Purcell,* 117 D.P.R. 714 (1986); *Padín v. Rossi*, 100 D.P.R. 259, 263 (1971). El tribunal, al adjudicar una moción de sentencia sumaria, no dirime credibilidad y presume ciertos los hechos no controvertidos y dicta sentencia sumaria sólo si de los documentos sometidos con la moción y la oposición a ésta y los que obran en autos, no hay controversia real en cuanto a ningún hecho material y como cuestión de derecho, procede la sentencia sumaria. De igual forma, al considerar una moción de sentencia sumaria, el tribunal analizará los hechos de la forma más favorable a la parte que se opone y dictará sentencia según proceda en derecho, a favor o en contra de cualquier parte en el pleito. *Colegio de Ingenieros y Agrimensores de Puerto Rico v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 131 D.P.R. 735 (1992). La parte que solicita la sentencia sumaria está obligado a demostrar, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una sentencia a su favor como cuestión de ley. *Rivera Santana v. Superior Packaging, Inc.,* 132 D.P.R. 115 (1992); *Guzmán Cotto v. E.L.A.,* **2002 J.T.S. 65**. La jurisprudencia antes señalada, establece que la sentencia sumaria sólo debe dictarse en casos claros y que cualquier duda debe resolverse en contra de la parte que se opone a la moción de sentencia sumaria.

Como regla general, para derrotar una moción de sentencia sumaria, la parte opositora debe presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. Si no lo hace, corre el riesgo de que le dicten sentencia en su contra. No obstante, el sólo hecho de no haberse opuesto con evidencia que controvierta la presentada por el promovente, no implica que necesariamente proceda la sentencia sumaria o que el promovente tenga derecho a que se dicte en su favor. *Corp. Presiding Bishop CJ of LDS v. Purcell, supra.*

El tribunal, al dictar sentencia sumaria: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal, y (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidos o refutadas en forma alguna por los documentos. *Management Administration Services Corp. v. E.L.A.,* **2000 J.T.S. 189**; *PFZ Properties, Inc. v. General Accident Insurance Co.*, 136 D.P.R. 81 (1994). El tribunal sentenciador deberá razonar cuidadosamente antes de resolver sumariamente, pues de lo contrario, puede privar a una parte del debido proceso de ley despojándola de su día en corte. *González v. Alicea*, 132 D.P.R. 638, 646-647 (1992); *Roig Comercial Bank v. Rosario Cirino,* 126 D.P.R. 613, 617 (1990). Con estos pronunciamientos, discutiremos si el foro de instancia erró al disponer de este caso mediante el mecanismo de la sentencia sumaria.

Al analizar los documentos que obran en el expediente de este caso, determinamos, al igual que lo hizo el foro de instancia, que en este caso no hay controversia real y sustancial sobre la principal cuestión planteada en la moción de sentencia sumaria. Ambas partes estipularon que el Departamento de Hacienda retuvo la cantidad de $2,400 al demandado y que la retención se realizó en virtud del Artículo 9 (j) de la Ley de Contabilidad del Gobierno. En este caso, sólo existía una controversia estrictamente de derecho en cuanto a si correspondía aplicar la Ley Núm. 209, *supra*, a los hechos de este caso para determinar si la deuda estaba prescrita y si la retención del salario fue una actuación válida a la luz del derecho vigente. Surge del expediente que el Tribunal al dictar sentencia lo hizo basándose en los escritos y argumentos de ambas partes. Estudiadas las alegaciones de la parte

peticionaria, a la luz de las normas procesales y del derecho sustantivo antes enunciados, a nuestro juicio, la sala de instancia no erró al disponer del caso sumariamente.

Por entender que el segundo y quinto señalamiento de error se encuentran íntimamente relacionados, los discutiremos conjuntamente. Como segundo señalamiento de error, el señor Díaz Rivera plantea que según el Código de Rentas Internas la alegada deuda del contribuyente estaba prescrita, por lo que el Departamento de Hacienda estaba impedido de cobrarla. Como quinto señalamiento de error, señala que erró el Tribunal al no tomar en cuenta que, de conformidad con la Ley Núm. 209 del 9 de agosto de 1998, procede el reintegro de los salarios confiscados. Veamos.

La Ley Núm. 209 de 9 de agosto de 1998, modificó el Artículo 9 (j) de la Ley de Contabilidad del Gobierno, a los fines de proveer que el Estado estará impedido de cobrar deudas sobre las cuales hayan transcurridos diez (10) años desde que fueron tasadas. Bajo el estado de derecho actual, el Estado puede llevar a cabo un procedimiento de cobro en corte a un contribuyente antes que transcurran siete (7) años desde la fecha de tasación de la deuda contributiva, o puede optar por el mecanismo alterno que establece la Ley de Contabilidad del Gobierno, siempre y cuando ello sea llevado a cabo antes que transcurra el término de diez (10) años desde la tasación de la deuda contributiva. Sin embargo, la enmienda efectuada mediante la Ley Núm. 209, *supra*, no es aplicable al caso de autos. La retención del salario del señor Díaz Rivera se realizó en el mes de julio de 1998 y la Ley Núm. 209 se aprobó el 9 de agosto de 1998 y expresamente dispuso que estaría vigente ciento ochenta (180) días después de su aprobación. No procede aplicar la ley al caso ante nos, ya que se trata de una ley de carácter prospectivo. El Artículo 3 del Código Civil, 31 L.P.R.A. § 3, establece el principio de que las leyes no tienen efecto retroactivo a menos que expresamente dispongan lo contrario. El Tribunal Supremo de Puerto Rico ha expresado que la intención de la Asamblea Legislativa al darle efecto retroactivo a una ley, debe aparecer expresamente o surgir claramente del estatuto. *Vázquez v. Morales*, 114 D.P.R. 822 (1983). En la referida ley se dispuso la aplicación prospectiva de la ley, por lo que no procede aplicarla al caso ante nos. Coincidimos con el acertado análisis hecho por el foro de Primera Instancia al establecer que la Ley Núm. 209, *supra*, no es de aplicación a este caso, ya que la causa de acción había surgido con anterioridad a la aprobación de la citada ley. Actuó correctamente el Tribunal al determinar que la deuda no estaba prescrita.

Una vez hecha la determinación de que la deuda no estaba prescrita y que el Departamento podía cobrarla, no procede la alegación del señor Díaz Rivera en cuanto a que procedía el reintegro de los salarios retenidos. La Ley 209, *supra*, no cobija al señor Díaz Rivera en este caso, por lo que no procede el reintegro de los salarios retenidos. Actuó correctamente el Tribunal al determinar que la referida ley no aplica al caso de autos y, por lo tanto, no procede la devolución o reintegro del salario. El señor Díaz Rivera en este caso no tiene derecho a invocar la Ley Núm. 209 de 9 de agosto de 1998, ya que la misma no estaba vigente al momento de los hechos de este caso.

Como tercer señalamiento de error, el señor Díaz Rivera plantea que erró el Tribunal al tomar en cuenta que no existe en nuestro ordenamiento un mecanismo alterno, jurídicamente viable, mediante el cual el Departamento de Hacienda puede cobrar a un contribuyente una deuda prescrita. Veamos.

La Ley Núm. 230 de 23 julio de 1974, conocida como la Ley de Contabilidad del Gobierno de Puerto Rico, en su Artículo 9 (j) dispone que *"el Secretario, los pagadores nombrados por el Secretario, los municipios, las instrumentalidades y las entidades corporativas no efectuarán pagos a persona natural o jurídica alguna que por cualquier concepto tenga deudas vencidas con el Estado Libre Asociado de Puerto Rico o con algún municipio"*. Esta disposición de ley es la que faculta al Secretario de Hacienda a retener pagos de personas que tengan deudas vencidas con el E.L.A. Resolvemos que actuó correctamente el Tribunal al resolver que existe un mecanismo para cobrar deudas vencidas. El derecho vigente a la fecha de los hechos del caso permitía la retención como método para cobrar las deudas vencidas, sin importar los años que hubieren transcurrido.

Como cuarto señalamiento de error, el señor Díaz Rivera plantea que erró el Tribunal al no tomar en cuenta que la retención efectuada por Hacienda constituye un embargo de salario realizado de forma contraria a lo dispuesto en nuestro ordenamiento jurídico.

Como ya hemos discutido anteriormente, el Artículo 9 (j) de la Ley de Contabilidad del Gobierno de Puerto Rico, *supra*, dispone que el Secretario de Hacienda no efectuará pago a persona alguna que por cualquier concepto tuviere deudas vencidas con el Estado Libre Asociado de Puerto Rico o algún municipio. Por lo tanto, la actuación del Departamento de Hacienda no constituye un embargo de salarios ni una confiscación, sino una retención válida y permitida bajo el Artículo 9 (j) de la mencionada ley. El Departamento de Hacienda actuó correctamente al retener la cantidad al señor Díaz Rivera, ya que de lo contrario hubiera violado las disposiciones de la Ley de Contabilidad del Gobierno. No actuó ilegalmente el Departamento de Hacienda al retener el salario del señor Díaz Rivera. No erró el Tribunal al establecer que la retención efectuada por Hacienda no constituye un embargo de salarios.

El sexto señalamiento de error que apunta el señor Díaz Rivera al Tribunal de Instancia es que erró al resolver que un ciudadano no tiene derecho de recobrar los daños que experimente cuando en el procedimiento administrativo se le violenten sus derechos constitucionales.

La Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como la Ley de Reclamaciones contra el Estado, 32 L.P.R.A. §3077, autoriza a demandar al Estado, pero con numerosas restricciones. El Artículo 6 de la ley, 32 L.P.R.A. 3081, expresamente niega la autorización para demandar al Estado por acto u omisión de un funcionario, agente o empleado en la imposición y cobro de contribuciones. El Tribunal Supremo de Puerto Rico ha establecido que, de ordinario, una acción judicial que requiera un fallo sobre si procede o no imponer y cobrar una contribución o si existe la obligación o no de pagarla, es una demanda contra el Soberano y requiere el consentimiento del Estado para que se le demande. *Larroca Taranoza v. Aboy,* 82 D.P.R. 492, 498; *Vizcarrondo v. Secretario de Hacienda*, 114 D.P.R. 566, 571 (1983). No erró el Tribunal de Primera Instancia al determinar que no procedía la acción en daños y perjuicios contra el Estado. No procede la reclamación en daños y perjuicios contra el Estado en este caso, ya que el Estado no ha renunciado a su inmunidad soberana según lo indica el Artículo 6 de la Ley de Reclamaciones contra el Estado, *supra*.

Como séptimo error, señala el señor Díaz Rivera que la relación de hechos que recoge la sentencia repite la versión parcializada de los hechos de la parte demandada, sin haberse brindado la oportunidad a la parte demandante de refutar los mismos. No le asiste la razón. El Tribunal de Instancia examinó ambas posiciones en cuanto a la solicitud de sentencia sumaria y la parte demandante tuvo la oportunidad de presentar su escrito en oposición a la sentencia sumaria, la cual exponía su versión de los hechos. Ambas posiciones fueron tomadas en consideración por el tribunal al resolver la moción de sentencia sumaria, por lo que no procede la alegación de la parte apelante.

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General