EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Shell Chemical Yabucoa, Inc.<br><br>   Recurrida<br><br>         v.<br><br>Gloria E. Santos Rosado, etc.<br><br>   Demandados<br><br>Shell Chemical Yabucoa, Inc.<br><br>   Recurrida<br><br>         v.<br><br>Secretario de Hacienda, etc.<br><br>   Peticionarios | Certiorari<br><br>2012 TSPR 159<br><br>187 DPR \_\_\_\_ |

Número del Caso: CC-2011-585

Fecha: 23 de octubre de 2012

Tribunal de Apelaciones:

      Región Judicial de Bayamón y San Juan

Oficina del Procurador General:

      Lcda. Leticia Casalduc Rabell
      Subprocuradora General

      Lcda. María Umpierre Marchand
      Procurador General Auxiliar

Abogados de la Parte Recurrida:

      Lcdo. Juan A. Marqués Díaz
      Lcda. Britt E. Arrieta Rivera

Abogada del CRIM:

      Lcda. Jessica Hernández Sierra

Materia: Contribuciones – requisito jurisdiccional de pago previo establecido en el Art. 3.48 de la Ley de Contribución Municipal (Ley 83 de 1991)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Shell Chemical Yabucoa, Inc.<br><br>    Recurrida<br><br>                v.<br><br>Gloria E. Santos Rosado, etc.<br><br>    Demandados<br><br>Shell Chemical Yabucoa, Inc.<br><br>    Recurrida<br><br>                v.<br><br>Secretario de Hacienda, etc.<br><br>    Peticionarios | CC-2011-585 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 23 de octubre de 2012

El presente caso nos permite estudiar el requisito jurisdiccional de pago previo que contiene el Art. 3.48 de la Ley Núm. 83 de 30 de agosto de 1991, *infra.* En particular, debemos determinar el efecto que tiene el incumplimiento del contribuyente con el pago previo, tal y como lo dispone el mencionado artículo. Además, debemos resolver si dicho efecto se debe aplicar prospectivamente.

Por entender que el Tribunal de Apelaciones erró al no desestimar la causa de acción, se revoca la sentencia recurrida. Pasemos, pues, a exponer los hechos que dieron origen a la controversia planteada en el caso de epígrafe.

I

Shell Chemical Yabucoa, Inc.[1] (Shell) es una compañía organizada al amparo de las leyes de Puerto Rico, que se dedica al proceso de refinería, procesamiento y mezcla de petróleo crudo. El 1 de septiembre de 2009 el Departamento de Hacienda (Hacienda) envió a Shell dos notificaciones sobre requerimiento de pago de la contribución especial sobre propiedad inmueble, conforme a la Ley Núm. 7-2009, según enmendada, *infra*. La notificación hacía referencia a dos catastros de propiedad de Shell y requería el pago de una contribución anual de $135,223.28 por uno y de $60,729.38 por el otro.

Inconforme con la totalidad de la contribución impuesta, Shell presentó una solicitud de revisión administrativa en Hacienda y en el Centro de Recaudación de Ingresos Municipales (C.R.I.M.).[2] Shell acompañó con su solicitud dos pagos que totalizaban $78,381.06, o lo que es igual al 40% de la totalidad de la contribución anual notificada e impugnada. Hacienda no se expresó

---

[1] Cabe señalar, que Shell Chemical Yabucoa, Inc. ahora es conocida como Buckeye Caribbean Terminals, LLC. Sin embargo, para fines de este caso utilizaremos el nombre de "Shell", tal y como surge del epígrafe. Véase, Alegato de Shell, pág. 1.

[2] Apéndice de la Petición de *certiorari*, págs. 76-101.

dentro del término de 60 días establecidos en el Art. 3.48(a) de la Ley Núm. 83 de 30 de agosto de 1991, según enmendada, conocida como Ley de Contribución Municipal sobre la Propiedad de 1991 (Ley de Contribución Municipal).[3]

Ante la inacción administrativa, el 23 de diciembre de 2009, Shell acudió al Tribunal de Primera Instancia, Sala de San Juan, y presentó una demanda contra Hacienda impugnando la totalidad de la contribución especial notificada. En la demanda solicitó que se cancelaran las notificaciones de imposición contributiva enviadas y que se le reconociera como entidad exenta. Argumentó que conforme al decreto de exención que ostenta no estaba sujeta a dicha contribución, debido a que bajo los efectos de la Sección 3701 del Código de Rentas Internas de Puerto Rico sus propiedades no se utilizan para fines comerciales. Solicitó, además, que se le reintegraran los pagos realizados conforme a la Ley de Contribución Municipal, *supra*. En la alternativa, Shell requirió la retasación de la propiedad para que se tomara en consideración el efecto de la suspensión de sus operaciones de refinería y se celebrara una vista para determinar la valoración de la propiedad.

De otra parte, obraba pendiente una demanda en el Tribunal de Primera Instancia, Sala de Humacao, incoada

---

[3] 21 L.P.R.A. sec. 5098(a).

por Shell el 29 de octubre de 2009 contra el C.R.I.M. En esta demanda Shell también impugnó la totalidad de la contribución especial notificada. Como ambos pleitos contenían cuestiones comunes de hechos y de derechos, las partes solicitaron conjuntamente la consolidación de los pleitos en la Sala de Humacao. Así las cosas, ambas salas declararon con lugar la consolidación y el pleito continuó ventilándose en la Sala de Humacao, foro donde se inició el caso de mayor antigüedad.

Luego de los trámites de rigor y otros asuntos procesales no relevantes, el 27 de agosto de 2010 Hacienda presentó una moción de desestimación. Alegó que Shell no cumplió con los requisitos jurisdiccionales dispuestos en el Art. 3.48 de la Ley Núm. 83, *supra*, para que el tribunal pudiese asumir jurisdicción sobre su impugnación.[4] Hacienda aseveró que Shell tenía que satisfacer el total de la deuda para que el tribunal adquiriera jurisdicción, pues el pago del 40% del impuesto estaba disponible para quienes estuvieran conformes con una parte de la tributación e inconforme con otra. Shell se opuso a la desestimación y refutó que a pesar de estar en desacuerdo con toda la contribución notificada, tenía la opción de pagar únicamente el 40% de la totalidad del tributo en cuestión.

El 20 de octubre de 2010 el Tribunal de Primera Instancia notificó una resolución mediante la cual

---

[4] Apéndice de la Petición de *certiorari*, pág. 237.

declaró "no ha lugar" la moción de desestimación presentada por Hacienda. Ese tribunal concluyó que tenía jurisdicción sobre el pleito y ordenó la continuación de los procedimientos.

Inconforme, el 22 de noviembre de 2010, Hacienda acudió mediante recurso de *certiorari* al Tribunal de Apelaciones. Señaló, como único error, que el foro primario no tenía jurisdicción debido a que Shell incumplió con el requisito jurisdiccional de pago provisto en el Art. 3.48 de la Ley Núm. 83, *supra*, ya que sólo pagó el 40% de la deuda contributiva.

Así las cosas, el Tribunal de Apelaciones emitió una sentencia en la cual sostuvo que Shell incumplió con el requisito jurisdiccional de pago cuando se impugna la totalidad del impuesto. El foro apelativo concluyó que Shell tenía que pagar el 100% de la contribución, ya que impugnó la totalidad de la contribución notificada. Señaló que la opción del 40% sólo estaba disponible para quienes estaban conformes con una parte del impuesto.

No obstante, el Tribunal de Apelaciones entendió que no procedía la desestimación de la demanda, sino que se le debía dar la oportunidad a Shell de subsanar el defecto jurisdiccional que enfrentaba su reclamación.[5] El 25 de abril de 2011, inconforme con la decisión del foro apelativo, Hacienda presentó una moción de

---

[5] Apéndice de la Petición de *certiorari*, pág. 342.

reconsideración cuya denegatoria fue notificada el 14 de junio de 2011.

Oportunamente, el 13 de julio de 2011, Hacienda acudió ante esta Curia mediante el recurso de *certiorari* que nos ocupa y planteó el señalamiento de error siguiente:

> **Erró crasamente el Tribunal de Apelaciones al denegar la desestimación solicitada por el E.L.A. y devolver el caso al Tribunal de Primera Instancia para darle oportunidad a la parte demandante-recurrida a "subsanar el <u>defecto jurisdiccional</u> que enfrenta su reclamación". Ello, toda vez que al incumplirse con un requisito de carácter jurisdiccional, el tribunal queda privado de jurisdicción y lo único que puede hacer es <u>desestimar</u> la causa de acción.** (Énfasis en el original.)

Expedido el recurso y con el beneficio de las comparecencias de ambas partes, resolvemos.

## II

**A. <u>Art. 3.48 de la Ley Núm. 83 de 30 de agosto de 1991, según enmendada, conocida como Ley de Contribución Municipal sobre la Propiedad de 1991.</u>**[6]

El Art. 22 de la Ley Núm. 7-2009, según enmendada, conocida como Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico,[7] creó una contribución especial sobre la propiedad inmueble. Con esta ley se adoptaron los procedimientos seguidos por el C.R.I.M. para trabajar la contribución

---

[6] 21 L.P.R.A. sec. 5098.

[7] 13 L.P.R.A. sec. 9401.

especial. En específico, este artículo incorporó el Subtítulo CC –Secciones 3701 al 3707- al Código de Rentas Internas de Puerto Rico.[8] Estos artículos establecieron la contribución especial sobre la propiedad inmueble con fines residenciales.

Posteriormente, mediante la Ley Núm. 37-2009 se enmendó el Subtítulo CC del Código de Rentas Internas, *supra*, para extender la contribución especial a la propiedad inmueble con fines comerciales. A fines de aclarar los parámetros de la contribución especial, Hacienda emitió la Carta Circular de Rentas Internas 2009-08. En esta carta Hacienda aclaró la regla general a seguir cuando se solicita una revisión administrativa e impugnación judicial de la contribución especial. En lo pertinente, la carta dispone que:

> [A]quellos contribuyentes que deseen solicitar una revisión administrativa o impugnar judicialmente la contribución, deberán cumplir con los requisitos establecidos en el Artículo 3.48 de la Ley Núm. 83 y el Reglamento 7221 del CRIM, entendiéndose que cualquier referencia en dicha ley o en dicho reglamento al CRIM o su Director, se tendrá como referencia al Departamento de Hacienda o al Secretario de Hacienda.

La Ley Núm. 83 de 30 de agosto de 1991, según enmendada, conocida como Ley de Contribución Municipal sobre la Propiedad de 1991,[9] le confirió a los municipios el poder y la facultad de tasar, imponer, notificar,

---

[8] Ley Núm. 120-1994.

[9] 21 L.P.R.A. sec. 5001 *et seq.*

determinar y cobrar las contribuciones sobre la propiedad.[10] En el 1998, mediante la Ley Núm. 135-1998, la Asamblea Legislativa incorporó el Art. 3.48 a la Ley Núm. 83, *supra*, para establecer el procedimiento para la revisión administrativa e impugnación judicial de la contribución especial. En lo que nos concierne, el Art. 3.48 de la referida ley indica:

> **(a) Revisión administrativa.** Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el Centro de conformidad con las secs. 5076 y 5077 de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 de este título, siempre y cuando el contribuyente:
>
>> **(1)** Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
>>
>> **(2)** Pague al Centro de Recaudación la totalidad de la contribución impuesta.
>
> El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la sec. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta, dentro de los términos prescritos por ley para tener derecho al descuento.
>
> El Centro deberá emitir su decisión dentro de un término de sesenta (60) días a partir de la fecha de radicación de la solicitud de

---

[10] Véase, Exposición de Motivos de la Ley Núm. 83, *supra.*

revisión administrativa por el contribuyente.
[…]

El procedimiento de revisión administrativa
deberá completarse como requisito previo para
que un contribuyente que no estuviere conforme
con la decisión sobre imposición contributiva
la impugne, según lo dispone el inciso (b) de
esta sección.

**(b) Impugnación judicial.** Si el contribuyente
no estuviere conforme con la determinación
emitida por el Centro, de conformidad a las
secs. 5076 y 5077 de este título y el inciso
(a) de esta sección, podrá impugnar la misma
ante el Tribunal de Primera Instancia dentro
del término de treinta (30) días calendario, a
partir de la fecha de depósito en el correo de
la notificación provista por las secs. 5076 y
5077 de este título siempre y cuando dicho
contribuyente, dentro del citado término:

**(1) Pague al Centro de Recaudación la
parte de la contribución con la cual
estuviere conforme y un cuarenta por
ciento (40%) de la parte de la
contribución con la cual no estuviere
conforme, o;**

**(2) Pague al Centro de Recaudación la
totalidad de la contribución impuesta.**

**Tanto la presentación de la impugnación, como
el pago de la contribución impuesta, ya sea en
su totalidad o en la parte con la cual se
estuviere conforme, así como el pago del
cuarenta por ciento (40%) de la parte de la
contribución con la cual no se estuviere
conforme, dentro del término dispuesto, se
consideran de carácter jurisdiccional.**[11]
(Énfasis nuestro.)

Esta Curia tuvo la oportunidad de analizar el Art.
3.48 de la Ley Núm. 83, *supra*, en el caso de
Villamil Development v. C.R.I.M., 171 D.P.R. 392 (2007).
En ese caso tuvimos que resolver si el requisito

---

[11] A pesar de que este artículo fue posteriormente enmendado por la
Ley Núm. 71-2010, presentamos el artículo sin enmendar, ya que era el
vigente al momento en que se suscitó la controversia. De todas
formas, lo relacionado con el aspecto jurisdiccional no sufrió cambio
alguno con la nueva ley.

jurisdiccional del pago de la totalidad de la contribución notificada se refería al periodo anual o al periodo semestral. Luego de analizar el derecho concluimos que:

> En el caso hoy ante nuestra consideración, Villamil pagó $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito jurisdiccional establecido en el Artículo 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual menos el 10% de descuento, ni la parte de la contribución anual con la cual estuviere conforme más el 40% de la contribución anual con la cual no estuviere conforme. Para cumplir con lo establecido en el Artículo 3.48 de la Ley Villamil debió haber pagado al CRIM: 1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme; o 2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos actuaron correctamente al denegar la impugnación presentada.[12]

Como podemos observar, en el caso antes citado resumimos claramente las únicas dos alternativas que el Art. 3.48 de la Ley Núm. 83, *supra,* dispone. Estas alternativas son: (1) que el contribuyente pague la porción con la cual estuviere conforme y el 40% de la porción con la cual no está conforme, o; (2) que el contribuyente pague todo el tributo cuando impugna la totalidad de la contribución.

---

[12] <u>Villamil Development v. C.R.I.M.</u>, 171 D.P.R. 392, 405 (2007).

Posteriormente, en el caso de <u>Lilly del Caribe v. C.R.I.M.</u>, res. 3 de abril de 2012, 2012 T.S.P.R. 65, 185 D.P.R. ____ (2012), volvimos a interpretar el mencionado artículo. En ese caso expresamos que "cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa".[13] Por lo tanto, luego de analizar el texto de la ley, concluimos que la interpretación hecha en el caso de <u>Villamil Development v. C.R.I.M.</u>, supra, fue correcta. Claramente el Art. 3.48 de la Ley Núm. 83, *supra*, dispone las circunstancias en las que es permisible el pago del 40% de la deuda contributiva impugnada.[14] En el caso de <u>Lilly del Caribe v. C.R.I.M.</u>, supra, explicamos más a fondo los dos escenarios que tiene disponible un contribuyente. En lo pertinente, se dispuso que:

> **La primera alternativa está disponible para el contribuyente que impugne el tributo parcialmente.** En ese caso, el contribuyente pagará el 100% del impuesto que no cuestionó. Ahora bien, como incentivo para que no se cuestione innecesariamente todo el impuesto, se permite que el contribuyente pague tan solo el 40% del monto que realmente disputa. **Es decir, la opción de pagar el 40 porciento se limita a la porción del impuesto con el que se está en desacuerdo, pero no en cuanto a la totalidad de la deuda. El segundo escenario se configura cuando el contribuyente impugna la contribución completa.** Ante ese panorama, el ciudadano está obligado a pagar la

---

[13] <u>Lilly del Caribe v. C.R.I.M.</u>, res. 3 de abril de 2012, 2012 T.S.P.R. 65, 185 D.P.R. ____ (2012); <u>Báez Rodríguez et al. v. E.L.A.</u>, 179 D.P.R. 231 (2010); <u>Rosario v. Dist. Kikuet, Inc.</u>, 151 D.P.R. 634 (2000).

[14] <u>Lilly del Caribe v. C.R.I.M.</u>, supra.

contribución en su totalidad, acogiéndose al 10 porciento de pronto pago que contempla el Art. 3.43 de la Ley Núm. 83, supra, 21 L.P.R.A. sec. 5093. (Énfasis nuestro.)

**B. Requisito jurisdiccional del Art. 3.48 de la Ley Núm. 83, supra.**

Como sabemos, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[15] Para que el tribunal pueda atender y adjudicar un caso tiene que tener tanto jurisdicción sobre la materia como jurisdicción sobre las partes litigiosas. La jurisdicción sobre la materia se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal.[16] Cuando no hay jurisdicción sobre la materia, el tribunal carece de autoridad y poder para entender en el asunto.[17]

Recientemente, en Aguadilla Paint Center, Inc. v. Esso Standard Oil, Inc., 183 D.P.R. 901 (2011), reiteramos nuestra pauta sobre las circunstancias **inexorablemente fatales** que conlleva la falta de jurisdicción sobre la materia, estas son: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgar al tribunal jurisdicción sobre la

---

[15] Cruz Parrilla v. Departamento de Vivienda, 184 D.P.R. 393 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 D.P.R. 675 (2011).

[16] J. A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, Colombia, Ed. Nomos, 2010, pág. 25. Véase también, S.L.G. Solá-Moreno v. Bengoa Becerra, supra.

[17] J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., 2011, T. I, pág. 192.

materia ni puede el tribunal abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tienen el ineludible deber de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso, y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualesquiera de las partes o por el tribunal *motu proprio*.

La falta de jurisdicción es una defensa que no se renuncia y se puede levantar en cualquier etapa de los procedimientos. Le corresponde a los tribunales ser celosos guardianes de su jurisdicción.[18] Es deber ministerial de todo tribunal, cuestionada su jurisdicción, examinar y evaluar con rigurosidad el señalamiento, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[19]

Los requisitos jurisdiccionales son "aquellos que deben cumplirse antes de que el tribunal pueda conocer del pleito".[20] Como vemos, el incumplimiento de una parte con un requisito jurisdiccional establecido por ley priva

---

[18] Cruz Parrilla v. Departamento de Vivienda, supra; Souffront Cordero v. A.A.A., 164 D.P.R. 663 (2005).

[19] Souffront Cordero v. A.A.A., supra; Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003).

[20] I. Rivera García, Diccionario de Términos Jurídicos, 3era ed., San Juan, LexisNexis, 2000, pág. 235.

al tribunal de jurisdicción para atender los méritos de la controversia.[21] En estos casos, si un tribunal carece de jurisdicción también carece de discreción, y los tribunales no tienen discreción para asumir jurisdicción donde la ley no la confiere.[22] Es decir, la ausencia de jurisdicción es insubsanable.[23] Tan pronto el tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso.[24] Cualquier sentencia dictada sin jurisdicción es nula en derecho y, por lo tanto, inexistente.[25]

De otra parte, en casos contributivos hemos expresado que los requisitos jurisdiccionales "no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por lo tanto, deben ser cumplidos estrictamente, y en la misma forma que se ha exigido por el legislador".[26] No debemos perder de perspectiva que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula,

---

[21] Virella v. Proc. Esp. Rel. Familia, 154 D.P.R. 742 (2001).

[22] Szendrey v. F. Castillo Family, 169 D.P.R. 873 (2007); Virella v. Proc. Esp. Rel. Familia, supra.

[23] S.L.G. Solá-Moreno v. Bengoa Becerra, supra. Véase, además, Cuevas Segarra, op. cit., pág. 193.

[24] S.L.G. Solá-Moreno v. Bengoa Becerra, supra; González v. Mayagüez Resort & Casino, 176 D.P.R. 848 (2009).

[25] Szendrey v. F. Castillo Family, supra; Montañez Rivera v. Policía, 150 D.P.R. 917 (2000).

[26] Cafeteros de Puerto Rico v. Srio. de Hacienda, 82 D.P.R. 633, 641 (1961).

en ese momento el gobierno está renunciando a su inmunidad de soberano.[27] Es por eso que los requisitos que el estatuto exige a tales fines son de estricto cumplimiento y por lo general de carácter jurisdiccional para los tribunales.[28]

Debido a las consecuencias fatales que acarrea el determinar que un término es de naturaleza jurisdiccional, debe surgir claramente la intención del legislador de imponerle esa característica al término.[29] A tenor de lo anterior, los tribunales deben interpretar el estatuto para encontrar la expresión clara del legislador en cuanto a la naturaleza del término. Al hacer esta interpretación primero deben acudir al texto de la ley. Si el texto de la ley es claro y libre de toda ambigüedad, el propio texto es la mejor expresión de la intención legislativa.[30] Sólo si se encuentra ambigüedad en el texto de la ley, los tribunales deben entonces asegurarse de dar cumplimiento a los propósitos legislativos.[31]

---

[27] Picorelli López v. Depto. de Hacienda, 179 D.P.R. 720, 733 (2010).

[28] Íd.; Ortiz v. Srio. de Hacienda, 118 D.P.R. 572, 575 (1987); Vizcarrondo v. Srio. de Hacienda, 114 D.P.R. 566, 574 (1983).

[29] Cruz Parrilla v. Departamento de Vivienda, supra; J. Directores v. Ramos, 157 D.P.R. 818, 823 (2002); Lagares v. E.L.A., 144 D.P.R. 601, 615 (1997).

[30] Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849 (2010).

[31] Cruz Parrilla v. Departamento de Vivienda, supra; Soc. Asist. Leg. v. Ciencias Forenses, supra.

Podemos apreciar que el Art. 3.48 de la Ley Núm. 83,
*supra*, dispone expresamente que tanto el término para la
presentación de la impugnación como el pago de la
contribución impuesta se consideran requisitos de
carácter jurisdiccional. La Asamblea Legislativa creó
este mecanismo con carácter jurisdiccional para que un
contribuyente promueva su acción impugnatoria sólo cuando
tenga bases sólidas.[32] La Comisión de Asuntos Municipales
y la Comisión de Hacienda de la Cámara de Representantes
redactaron un informe sobre el P. de la C. 1543.[33] En el
informe explican el propósito del requisito
jurisdiccional de pago previo de la contribución inmueble
anual. El mencionado informe indica, en lo pertinente,
que:

> Además se establece que durante ese término,
> el contribuyente deberá pagar la parte de la
> contribución con la cual estuviere conforme y
> un cuarenta por ciento (40%) de la parte de la
> contribución con la cual no estuviere de
> acuerdo o, en su lugar, la totalidad de la
> contribución impuesta garantizándole el
> rembolso total de la misma, en caso de
> prevalecer en su reclamación. También se
> dispone que cuando se pague parte de la
> contribución, el contribuyente no se podrá
> acoger al descuento por pronto pago dispuesto
> en el Artículo 3.43.
>
> Estas disposiciones uniforman el procedimiento
> de cobro de las contribuciones a los
> establecidos en el caso de impugnación ante el
> Tribunal de Primera Instancia, para que el
> CRIM pueda cumplir con su deber ministerial de
> distribuir a los municipios la parte cobrada.
> Esto es recurriendo directamente a los
> Tribunales y dejando de pagar la contribución

---

[32] <u>Lilly del Caribe v. C.R.I.M.</u>, supra.

[33] El P. de la C. 1543 se convirtió eventualmente en el Art. 3.48 de
la Ley Núm. 83, *supra*.

> impuesta hasta tanto el Tribunal emita su
> decisión sobre el caso. Lo anterior afecta los
> ingresos que reciben los municipios por este
> concepto sobre todo, cuando conscientes del
> proceso de revisión administrativa [el]
> contribuyente acude al Tribunal como
> subterfugio para dejar de pagar sus
> contribuciones.

Por lo tanto, el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro y libre de toda ambigüedad cuando expresa que el pago de la contribución, tal como dispone, constituye un requisito jurisdiccional para el perfeccionamiento del recurso de revisión administrativa o impugnación judicial, de manera que es indispensable su cumplimiento.

## III

En el caso ante nos, Shell impugnó la totalidad de la contribución especial notificada por Hacienda, sin embargo, sólo pagó el 40% de la contribución notificada. Como ya hemos resuelto, el Art. 3.48 de la Ley Núm. 83, *supra*, solo contempla dos alternativas para el pago de la contribución. La primera alternativa dispone que el contribuyente pague el 40% de la contribución, únicamente cuando impugna el tributo parcialmente. Por otro lado, la segunda alternativa establece que el contribuyente pague el 100% de la contribución cuando impugna la contribución completa. Por lo tanto, Shell tenía que pagar el 100% de la contribución, ya que impugnó la totalidad de la contribución notificada.

De otra parte, Shell alegó en la demanda que no es contribuyente para propósitos de la contribución especial, ya que sus propiedades no se utilizan para fines comerciales y, por consiguiente, no tenía que agotar los remedios administrativos. No obstante, Shell optó conscientemente por seguir la acción de impugnación que concede el Art. 3.48 de la Ley Núm. 83, *supra*, y no un remedio en equidad. Así pues, tenía un procedimiento adecuado que le garantizaba el debido proceso de ley para hacer cualquier reclamación que tuviera en torno a la contribución especial. Con ello, sujetó su reclamo al requisito jurisdiccional que allí se dispone. No puede pretender ahora evadir el requisito jurisdiccional dispuesto en el Art. 3.48, *supra*.

Precisado lo anterior, examinemos el Art. 3.48 de la Ley Núm. 83, *supra*. Podemos observar que en el artículo antes mencionado, el legislador expresamente estableció que los requisitos para promover una revisión administrativa o una impugnación judicial son de carácter jurisdiccional. Dado su tenor literal concluimos que la ley es clara y libre de ambigüedad. Como mencionáramos, si el texto de la ley es claro y libre de toda ambigüedad, el propio texto es la mejor expresión de la intención legislativa. Por consiguiente, el contribuyente que impugne la contribución especial tiene que cumplir con los requisitos del Art. 3.48 de la Ley Núm. 83, *supra*, para que el tribunal pueda adquirir

jurisdicción y atender su controversia. En otras palabras, **el incumplimiento con los requisitos jurisdiccionales del Art. 3.48,** *supra*, **priva de jurisdicción a los tribunales**. La falta de jurisdicción es una consecuencia fatal que no puede ser subsanada por las partes ni por el tribunal. Una vez se incumplen estos requisitos jurisdiccionales lo único que procede es la desestimación de la causa de acción.

El Tribunal de Apelaciones correctamente interpretó que el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro y contiene requisitos jurisdiccionales. No obstante, expresó que a pesar de Shell no cumplir con los requisitos jurisdiccionales, no procedía desestimar la causa de impugnación. Shell alegó que el Tribunal de Apelaciones actuó correctamente al darle efecto prospectivo a su determinación. Argumentó que no tenía forma de saber que Hacienda haría una nueva interpretación sobre el mencionado artículo. También expresó que esta nueva interpretación le violó el debido proceso de ley porque no tuvo un aviso adecuado sobre la nueva norma establecida. Además, añadió que esta nueva interpretación tiene el efecto de negarle acceso al foro judicial para impugnar la contribución.

Conforme a la jurisprudencia aludida y el derecho aplicable, resulta forzoso concluir que carecen de méritos las alegaciones de Shell en cuanto a que procedía darle efecto prospectivo a la decisión del foro

apelativo.  Shell no puede alegar que no tenía forma de saber que Hacienda haría una nueva interpretación sobre el Art. 3.48 de la Ley Núm. 83, *supra*.  Desde el 2007, en el caso de Villamil Development v. C.R.I.M., supra, interpretamos que el Art. 3.48 de la Ley Núm. 83, *supra*, contempla sólo dos alternativas.  Las alegaciones de Hacienda no son nuevas interpretaciones del mencionado artículo como expresa Shell.

De otra parte, según expresamos en el caso de Lilly del Caribe v. C.R.I.M., supra, y como bien resolvió el foro apelativo, el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro en cuanto a las circunstancias en las que es permisible el pago del 40% de la contribución y cuando se tiene que pagar el 100% de la contribución al impugnar la contribución notificada.  Quiere decir, que **no existe otra posible interpretación al mencionado artículo.**  Es evidente que el Art. 3.48 de la Ley Núm. 83, *supra*, no contempla la interpretación que pretendió establecer Shell.  Es por eso que Shell no puede alegar que confió en una norma anterior que quedó desplazada por una nueva norma.  Debido a que el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro y libre de ambigüedad, su disposición siempre ha sido la norma establecida.  Por lo tanto, a Shell no se le violó el debido proceso de ley.

No obstante, a pesar de su interpretación, el foro intermedio no desestimó la causa de acción y le dio la oportunidad a Shell de subsanar el defecto

jurisdiccional. Ciertamente, erró el foro apelativo intermedio; **un requisito jurisdiccional no puede ser aplicado prospectivamente.** Las partes no pueden alegar que se la ha violado el debido proceso de ley por no tener una notificación adecuada o que el resultado sería injusto. Ante un mandato claro y expreso de la ley, se tiene que hacer valer tal mandato como lo expresó el legislador. Cuando se incumple con el requisito jurisdiccional que estableció el legislador la única alternativa es la desestimación de la causa, pues tal defecto es insubsanable. Por lo tanto, el Tribunal de Apelaciones sólo poseía jurisdicción para dictaminar que no la tenía.[34]

Shell tenía que cumplir con el requisito jurisdiccional como se establece en el Art. 3.48 de la Ley Núm. 83, *supra*, cuando se impugna la totalidad de la contribución. Shell debió saber que la consecuencia de incumplir con el requisito jurisdiccional de la forma dispuesta por el estatuto en controversia era la desestimación de la acción de impugnación contributiva. Por lo tanto, su incumplimiento privó de jurisdicción al tribunal.

Acorde a lo anterior, es importante aclarar que la interpretación que esta Curia ha hecho sobre el Art. 3.48

---

[34] S.L.G. Solá-Moreno v. Bengoa Becerra, 182 D.P.R. 675, 682-683 (2011); Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345, 355 (2003).

de la Ley Núm. 83, *supra*, no pone en riesgo la seguridad jurídica de quienes descansan en decretos de exención, como hizo Shell en este caso. Simplemente explicamos que el contribuyente que impugne la totalidad de la contribución especial utilizando la acción de impugnación que concede el mencionado artículo, está sujeto al requisito jurisdiccional que allí se dispone. Una vez el tribunal atiende el caso en sus méritos y resuelve a favor del contribuyente, la ley le garantiza el rembolso total de la contribución pagada. En lo que nos concierne, el Art. 3.48(b) de la Ley Núm. 83, *supra*, indica que:

> Si la decisión del Tribunal fuere favorable al contribuyente y éste hubiere pagado la contribución impugnada en o con posterioridad a lo establecido en este artículo, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribución o la parte de ella que estimare el Tribunal fue cobrada en exceso, con los intereses correspondientes por ley, computados desde la fecha de pago de la contribución impugnada.

Por lo tanto, podemos observar que no se pone en riesgo la seguridad jurídica de quienes descansan en decretos de exención. Una vez el contribuyente cumpla con el requisito jurisdiccional podrá defender su decreto de exención ante el foro judicial. Si el tribunal resuelve que en efecto el contribuyente está exento de la contribución especial, tendrá derecho al rembolso de la contribución que pagó y, además, tendrá derecho a los

intereses correspondientes por ley computados desde la fecha en que pagó la contribución.

Según los fundamentos antes expuestos, era necesario que Shell pagara la totalidad de la contribución notificada como requisito jurisdiccional antes de presentar su acción judicial. Al no hacerlo privó de jurisdicción al foro judicial para atender su reclamo. Por lo tanto, procede desestimar la causa de impugnación.

**IV**

En armonía con lo antes señalado, se revoca la sentencia emitida por el Tribunal de Apelaciones y como resultado se desestima la causa de acción por falta de jurisdicción.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Shell Chemical Yabucoa, Inc.<br><br>   Recurrida<br><br>       v.<br><br>Gloria E. Santos Rosado, etc.<br><br>   Demandados<br><br>Shell Chemical Yabucoa, Inc.<br><br>   Recurrida<br><br>       v.<br><br>Secretario de Hacienda, etc.<br><br>   Peticionarios | CC-2011-585 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2012

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia emitida por el Tribunal de Apelaciones y como resultado se desestima la causa de acción por falta de jurisdicción.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

El Juez Presidente señor Hernández Denton hace constar la siguiente expresión:

El Juez Presidente señor Hernández Denton disiente de la Opinión mayoritaria por las mismas razones expuestas en su disenso en Lilly del Caribe v. C.R.I.M, 2012 T.S.P.R. 65, 185 D.P.R. ___ (2012).

La Jueza Asociada señora Fiol Matta disiente sin opinión escrita. La Jueza Asociada señora Pabón Charneco no interviene.

                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo