El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
El presente caso nos permite estudiar el requisito juris-diccional de pago previo que contiene el Art. 3.48 de la Ley Núm. 83-1991 (21 L.P.R.A. sec. 5098a(a)). En particular, debemos determinar el efecto que tiene el incumplimiento *114 del contribuyente con el pago previo, tal y como lo dispone ese artículo. Además, debemos resolver si este efecto se debe aplicar prospectivamente.
Por entender que el Tribunal de Apelaciones erró al no desestimar la causa de acción, se revoca la sentencia recurrida. Pasemos, pues, a exponer los hechos que dieron origen a la controversia planteada en el caso de epígrafe.
I
Shell Chemical Yabucoa, lnc.(1) (Shell) es una compañía organizada al amparo de las leyes de Puerto Rico, que se dedica al proceso de refinería, procesamiento y mezcla de petróleo crudo. El 1 de septiembre de 2009, el Departa-mento de Hacienda (Hacienda) envió a Shell dos notifica-ciones sobre requerimiento de pago de la contribución especial sobre la propiedad inmueble, conforme al Art. 22 de la Ley Núm. 7-2009, según enmendada, 13 L.P.R.A. ant. sec. 9401. La notificación hacía referencia a dos catastros de propiedad de Shell y requería el pago de una contribu-ción anual de $135,223.28 por uno y de $60,729.38 por el otro.
Inconforme con la totalidad de la contribución im-puesta, Shell presentó una solicitud de revisión adminis-trativa en Hacienda y en el Centro de Recaudación de In-gresos Municipales (CRIM).(2) Shell acompañó con su solicitud dos pagos que totalizaban $78,381.06, o lo que es igual al 40% de la totalidad de la contribución anual noti-ficada e impugnada. Hacienda no se expresó en el término de sesenta días establecidos en el Art. 3.48(a) de la Ley Núm. 83-1991, según enmendada, conocida como Ley de *115 Contribución Municipal sobre la Propiedad de 1991 (Ley de Contribución Municipal).(3)
Ante la inacción administrativa, el 23 de diciembre de 2009, Shell acudió al Tribunal de Primera Instancia, Sala de San Juan, y presentó una demanda contra Hacienda para impugnar la totalidad de la contribución especial notificada. En la demanda solicitó que se cancelaran las notificaciones de imposición contributiva enviadas y que se le reconociera como entidad exenta. Argumentó que con-forme al decreto de exención que ostenta no estaba sujeta a esa contribución, debido a que bajo los efectos de la Sec. 3701 del Código de Rentas Internas de Puerto Rico, 13 L.P.R.A. ant. sec. 9401, sus propiedades no se utilizan para fines comerciales. Solicitó, además, que se le reintegraran los pagos realizados conforme a la Ley de Contribución Municipal. En la alternativa, Shell requirió la retasación de la propiedad para que se tomara en consideración el efecto de la suspensión de sus operaciones de refinería y se celebrara una vista para determinar la valoración de la propiedad.
De otra parte, obraba pendiente una demanda en el Tribunal de Primera Instancia, Sala de Humacao, incoada por Shell el 29 de octubre de 2009 contra el CRIM. En esta demanda, Shell también impugnó la totalidad de la contri-bución especial notificada. Como ambos pleitos contenían cuestiones comunes de hechos y de derechos, las partes solicitaron conjuntamente la consolidación de los pleitos en la Sala de Humacao. Así las cosas, ambas salas declararon “con lugar” la consolidación y el pleito continuó ventilán-dose en la Sala de Humacao, foro donde se inició el caso de mayor antigüedad.
Luego de los trámites de rigor y otros asuntos procesa-les no relevantes, el 27 de agosto de 2010, Hacienda pre-sentó una moción de desestimación. Alegó que Shell no cumplió con los requisitos jurisdiccionales dispuestos en el *116 Art. 3.48 de la Ley Núm. 83, supra, para que el tribunal pudiese asumir jurisdicción sobre su impugnación.(4) Hacienda aseveró que Shell tenía que satisfacer el total de la deuda para que el tribunal adquiriera jurisdicción, pues el pago del cuarenta por ciento del impuesto estaba disponi-ble para quienes estuvieran conformes con una parte de la tributación e inconforme con otra. Shell se opuso a la des-estimación y refutó que a pesar de estar en desacuerdo con toda la contribución notificada, tenía la opción de pagar únicamente el cuarenta por ciento de la totalidad del tributo en cuestión.
El 20 de octubre de 2010, el Tribunal de Primera Ins-tancia notificó una resolución mediante la cual declaró “no ha lugar” la moción de desestimación presentada por Hacienda. Ese tribunal concluyó que tenía jurisdicción so-bre el pleito y ordenó la continuación de los procedi-mientos.
Inconforme, el 22 de noviembre de 2010, Hacienda acu-dió mediante un recurso de certiorari al Tribunal de Apelaciones. Señaló, como único error, que el foro primario no tenía jurisdicción debido a que Shell incumplió con el requisito jurisdiccional de pago provisto en el Art. 3.48 de la Ley Núm. 83, supra, ya que solo pagó el cuarenta por ciento de la deuda contributiva.
Así las cosas, el Tribunal de Apelaciones emitió una sen-tencia en la cual sostuvo que Shell incumplió con el requi-sito jurisdiccional de pago cuando se impugna la totalidad del impuesto. El foro apelativo concluyó que Shell tenía que pagar el cien por ciento de la contribución, ya que im-pugnó la totalidad de la contribución notificada. Señaló que la opción del cuarenta por ciento solo estaba disponible para quienes estaban conformes con una parte del impuesto.
No obstante, el Tribunal de Apelaciones entendió que no procedía la desestimación de la demanda, sino que se le *117 debía dar la oportunidad a Shell de subsanar el defecto jurisdiccional que enfrentaba su reclamación. (5) El 25 de abril de 2011, inconforme con la decisión del foro apelativo, Hacienda presentó una moción de reconsideración cuya de-negatoria fue notificada el 14 de junio de 2011.
Oportunamente, el 13 de julio de 2011, Hacienda acudió ante esta curia mediante el recurso de certiorari que nos ocupa y planteó el señalamiento de error siguiente:
Erró crasamente el Tribunal de Apelaciones al denegar la des-estimación solicitada por el E.L.A. y devolver el caso al Tribunal de Primera Instancia para darle oportunidad a la parte demandante-recurrida a “subsanar el defecto jurisdiccional que enfrenta su reclamación”. Ello, toda vez que al incum-plirse con un requisito de carácter jurisdiccional, el tribunal queda privado de jurisdicción y lo único que puede hacer es desestimar la causa de acción. (Enfasis en el original). Petición de certiorari, págs. 12-13.
Expedido el recurso y con el beneficio de las compare-cencias de ambas partes, resolvemos.
I — I i — I
A. Art. 3.48 de la Ley Núm. 83-1991, según enmendada, conocida como Ley de Contribución Municipal sobre la Pro-piedad de 1991(6)
El Art. 22 de la Ley Núm. 7-2009, según enmendada, conocida como Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico,(7) creó una contribución especial sobre la propiedad inmueble. Con esta ley se adoptaron los procedimientos seguidos por el CRIM para trabajar la contribución *118 especial. En específico, este artículo incorporó el Subtítulo CC —Sees. 3701-3707— al Código de Rentas Internas de Puerto Rico.(8) Estos artículos establecieron la contribución especial sobre la propiedad inmueble con fines residenciales.
Posteriormente, mediante la Ley Núm. 37-2009 se enmendó el Subtítulo CC del Código de Rentas Internas, supra, para extender la contribución especial a la propiedad inmueble con fines comerciales. A fines de aclarar los parámetros de la contribución especial, Hacienda emitió la Carta Circular de Rentas Internas 2009-08. En esta carta Hacienda aclaró la regla general que se ha de seguir cuando se solicita una revisión administrativa e impugnación judicial de la contribución especial. En lo pertinente, la carta dispone que:
... [A]quellos contribuyentes que deseen solicitar una revisión administrativa o impugnar judicialmente la contribución, de-berán cumplir con los requisitos establecidos en el Artículo 3.48 de la Ley Núm. 83 y el Reglamento 7221 del CRIM, en-tendiéndose que cualquier referencia en dicha ley o en dicho reglamento al CRIM o su Director, se tendrá como referencia al Departamento de Hacienda o al Secretario de Hacienda. Carta Circular de Rentas Internas 2009-08, pág. 2.
La Ley Núm. 83-1991, según enmendada, conocida como Ley de Contribución Municipal sobre la Propiedad de 1991,(9) le confirió a los municipios el poder y la facultad de tasar, imponer, notificar, determinar y cobrar las contribuciones sobre la propiedad.(10) En 1998, mediante la Ley Núm. 135-1998, la Asamblea Legislativa incorporó el Art. 3.48 a la Ley Núm. 83, supra, para establecer el procedimiento para la revisión administrativa e *119 impugnación judicial de la contribución especial. En lo que nos concierne, el Art. 3.48 de la referida ley indica:
(a) Revisión administrativa. Si el contribuyente no estu-viere conforme con la notificación de la imposición contribu-tiva emitida por el Centro de conformidad con las sees. 5076 y 5077 de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su obje-ción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título, siempre y cuando el con-tribuyente:
(1) pague al Centro de Recaudación la parte de la contri-bución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) Pague al Centro de Recaudación la totalidad de la contribución impuesta.
El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al des-cuento por pronto pago dispuesto en la see. 5093 de este título, excepto cuando pague la totalidad de la contribución im-puesta, dentro de los términos prescritos por ley para tener derecho al descuento.
El Centro deberá emitir su decisión dentro de un término de sesenta (60) días a partir de la fecha de radicación de la soli-citud de revisión administrativa por el contribuyente. ...
El procedimiento de revisión administrativa deberá comple-tarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contribu-tiva la impugne, según lo dispone el inciso (b) de esta sección.
(b) Impugnación judicial. Si el contribuyente no estuviere conforme con la determinación emitida por el Centro, de con-formidad a las sees. 5076 y 5077 de este título y el inciso (a) de esta sección, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días ca-lendario, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título siempre y cuando dicho contribuyente, dentro del citado tér-mino:
(1) Pague al Centro de Recaudación la parte de la contribu-ción con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

*120
(2) Pague al Centro de Recaudación la totalidad de la con-tribución impuesta.

Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se consideran de carácter jurisdiccional. (Enfasis nuestro).(11)
Esta Curia tuvo la oportunidad de analizar el Art. 3.48 de la Ley Núm. 83, supra, en el caso de Villamil Development v. C.R.I.M., 171 D.P.R. 392 (2007). En ese caso tuvi-mos que resolver si el requisito jurisdiccional del pago de la totalidad de la contribución notificada se refería al periodo anual o al periodo semestral. Luego de analizar el derecho concluimos que:
En el caso hoy ante nuestra consideración, Villamil pagó $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito ju-risdiccional establecido en el Art. 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual me-nos el 10% de descuento, ni la parte de la contribución anual con la cual estuviere conforme más el 40% de la contribución anual con la cual no estuviere conforme. Para cumplir con lo establecido en el Art. 3.48 de la Ley Villamil debió haber pa-gado al CRIM: (1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme; o (2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos actuaron correcta-mente al denegar la impugnación presentada. (Énfasis suprimido).(12)
Como podemos observar, en el caso citado resumimos claramente las únicas dos alternativas que el Art. 3.48 *121 de la Ley Núm. 83, supra, dispone. Estas alternativas son: (1) que el contribuyente pague la porción con la cual estu-viere conforme y el cuarenta por ciento de la porción con la cual no está conforme, o (2) que el contribuyente pague todo el tributo cuando impugna la totalidad de la contri-bución.
Posteriormente, en el caso de Lilly del Caribe v. CRIM, 185 D.P.R. 239 (2012), volvimos a interpretar el mencionado artículo. En ese caso expresamos que “cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa”.(13) Por lo tanto, luego de analizar el texto de la ley, concluimos que la interpretación hecha en el caso de Villamil Development v. CRIM, supra, fue correcta. Claramente el Art. 3.48 de la Ley Núm. 83, supra, dispone las circunstancias en las que es permisible el pago del cuarenta por ciento de la deuda contributiva impugnada.(14) En el caso de Lilly del Caribe v. CRIM, supra, pág. 253, explicamos más a fondo los dos escenarios que tiene disponible un contribuyente. En lo pertinente, se dispuso que:
La primera alternativa está disponible para el contribuyente que impugne el tributo parcialmente. En ese caso, el contribu-yente pagará el 100% del impuesto que no cuestionó. Ahora bien, como incentivo para que no se cuestione innecesaria-mente todo el impuesto, se permite que el contribuyente pague tan solo el cuarenta por ciento del monto que realmente disputa. Es decir, la opción de pagar el cuarenta por ciento se limita a la porción del impuesto con el que se está en des-acuerdo, pero no en cuanto a la totalidad de la deuda. El se-gundo escenario se configura cuando el contribuyente impugna la contribución completa. Ante ese panorama, el ciudadano está obligado a pagar la contribución en su totalidad, acogién-dose al diez por ciento de pronto pago que contempla el Art. 3.43 de la Ley Núm. 83, supra, 21 L.P.R.A. sec. 5093. (Énfasis nuestro).
*122 B. Requisito jurisdiccional del Art. 3.48 de la Ley Núm. 83, supra
Como sabemos, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.(15) Para que el tribunal pueda atender y adjudicar un caso tiene que tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. La jurisdicción sobre la materia se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal.(16) Cuando no hay jurisdicción sobre la materia, el tribunal carece de autoridad y poder para entender en el asunto.(17)
Recientemente, en Aguadilla Paint Center v. Esso, 183 D.P.R. 901 (2011), reiteramos nuestra pauta sobre las circunstancias inexorablemente fatales que conlleva la falta de jurisdicción sobre la materia, estas son: (1) no es susceptible de ser subsanada; (2) las partes no pueden otorgar voluntariamente al tribunal jurisdicción sobre la materia ni el tribunal puede arrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tienen el deber ineludible de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso, y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualesquiera de las partes o por el tribunal motu proprio.
La falta de jurisdicción es una defensa que no se renuncia y se puede levantar en cualquier etapa de los procedimientos. Le corresponde a los tribunales ser celosos *123 guardianes de su jurisdicción.(18) Es deber ministerial de todo tribunal, cuestionada su jurisdicción, examinar y eva-luar con rigurosidad el señalamiento, pues este incide directamente sobre el poder mismo para adjudicar una controversia.(19)
Los requisitos jurisdiccionales son “aquellos que deben cumplirse antes de que el tribunal pueda conocer del pleito”.(20) Como vemos, el incumplimiento de una parte con un requisito jurisdiccional establecido por ley, priva al tribunal de jurisdicción para atender los méritos de la controversia.(21) En estos casos, si un tribunal carece de jurisdicción también carece de discreción, y los tribunales no tienen discreción para asumir jurisdicción donde la ley no la confiere.(22) Es decir, la ausencia de jurisdicción es insubsanable.(23) Tan pronto el tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso.(24) Cualquier sentencia dictada sin jurisdicción es nula en derecho y, por lo tanto, inexistente.(25)
De otra parte, en casos contributivos hemos ex-presado que los requisitos jurisdiccionales “no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por lo tanto, deben ser cumplidos estrictamente, y en la misma *124 forma que se ha exigido por el legislador”.(26) No debemos perder de perspectiva que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula, en ese mo-mento el gobierno está renunciando a su inmunidad de soberano.(27) Es por eso que los requisitos que el estatuto exige a tales fines son de cumplimiento estricto y, por lo general, de carácter jurisdiccional para los tribunales.(28)
Debido a las consecuencias fatales que acarrea determinar que un término es de naturaleza jurisdiccional, debe surgir claramente la intención del legislador de imponerle esa característica al término.(29) Según lo anterior, los tribunales deben interpretar el estatuto para encontrar la expresión clara del legislador en cuanto a la naturaleza del término. Al hacer esta interpretación primero deben acudir al texto de la ley. Si este es claro y libre de toda ambigüedad, el propio texto es la mejor expresión de la intención legislativa.(30) Solo si se encuentra ambigüedad, los tribunales deben entonces asegurarse de dar cumplimiento a los propósitos legislativos.(31)
Podemos apreciar que el Art. 3.48 de la Ley Núm. 83, supra, dispone expresamente que tanto el término para la presentación de la impugnación como el pago de la contribución impuesta se consideran requisitos de carácter jurisdiccional. La Asamblea Legislativa creó este mecanismo con carácter jurisdiccional para que un contribuyente promueva su acción impugnatoria solo cuando *125 tenga bases sólidas.(32) La Comisión de Asuntos Municipa-les y la Comisión de Hacienda de la Cámara de Represen-tantes redactaron un informe sobre el R de la C. 1543, 13ra Asamblea Legislativa, 3ra Sesión Ordinaria, 12 de junio de 1998 (eventual Art. 3.48, supra).(33) En el informe explican el propósito del requisito jurisdiccional del pago previo de la contribución inmueble anual. El informe in-dica, en lo pertinente, que:
Además se establece que durante ese término, el contribu-yente deberá pagar la parte de la contribución con la cual es-tuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantizándole el rembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se pague parte de la contribución, el contribuyente no se podrá acoger al des-cuento por pronto pago dispuesto en el Artículo 3.43.
Estas disposiciones uniforman el procedimiento de cobro de las contribuciones a los establecidos en el caso de impugnación ante el Tribunal de Primera Instancia, para que el CRIM pueda cumplir con su deber ministerial de distribuir a los mu-nicipios la parte cobrada. Esto es recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso. Lo anterior afecta los ingresos que reciben los municipios por este concepto sobre todo, cuando conscientes del proceso de revi-sión administrativa [el] contribuyente acude al Tribunal como subterfugio para dejar de pagar sus contribuciones. íd., pág. 2.
Por lo tanto, el texto del Art. 3.48 de la Ley Núm. 83, supra, es claro y libre de toda ambigüedad cuando expresa que el pago de la contribución, tal como dispone, constituye un requisito jurisdiccional para el perfeccionamiento del recurso de revisión administrativa o impugnación judicial, de manera que es indispensable su cumplimiento.
*126 III
En el caso ante nos, Shell impugnó la totalidad de la contribución especial notificada por Hacienda, sin embargo, solo pagó el cuarenta por ciento de la contribución notificada. Como ya hemos resuelto, el Art. 3.48 de la Ley Núm. 83, supra, solo contempla dos alternativas para el pago de la contribución. La primera dispone que el contri-buyente pague el cuarenta por ciento de la contribución, únicamente cuando impugna el tributo parcialmente. Por otro lado, la segunda alternativa establece que el contribu-yente pague el cien por ciento de la contribución cuando impugna la contribución completa. Por lo tanto, Shell tenía que pagar el cien por ciento de la contribución, ya que im-pugnó la totalidad de la contribución notificada.
De otra parte, Shell alegó en la demanda que no es con-tribuyente para propósitos de la contribución especial, ya que sus propiedades no se utilizan para fines comerciales y, por consiguiente, no tenía que agotar los remedios administrativos. No obstante, Shell optó conscientemente por seguir la acción de impugnación que concede el Art. 3.48 de la Ley Núm. 83, supra, y no un remedio en equidad. Así pues, tenía un procedimiento adecuado que le garantizaba el debido proceso de ley para hacer cualquier reclamación que tuviera en torno a la contribución especial. Con ello, sujetó su reclamo al requisito jurisdic-cional que allí se dispone. No puede pretender ahora eva-dir el requisito jurisdiccional dispuesto en el Art. 3.48, supra.
Precisado lo anterior, examinemos el Art. 3.48 de la Ley Núm. 83, supra. Podemos observar que en este artículo, el legislador estableció expresamente que los requisitos para promover una revisión administrativa o una impugnación judicial son de carácter jurisdiccional. Dado su tenor literal concluimos que la ley es clara y libre de *127 ambigüedad. Como mencionáramos, si el texto de la ley es claro y libre de toda ambigüedad, el propio texto es la me-jor expresión de la intención legislativa. Por consiguiente, el contribuyente que impugne la contribución especial tiene que cumplir con los requisitos del Art. 3.48 de la Ley Núm. 83, supra, para que el tribunal pueda adquirir juris-dicción y atender su controversia. En otras palabras, el in-cumplimiento con los requisitos jurisdiccionales del Art. 3.48, supra, priva de jurisdicción a los tribunales. La falta de jurisdicción es una consecuencia fatal que no puede ser subsanada por las partes ni por el tribunal. Una vez se incumplen estos requisitos jurisdiccionales lo único que procede es la desestimación de la causa de acción.
El Tribunal de Apelaciones interpretó correctamente que el texto del Art. 3.48 de la Ley Núm. 83, supra, es claro y contiene requisitos jurisdiccionales. No obstante, expresó que a pesar de Shell no cumplir con los requisitos jurisdic-cionales, no procedía desestimar la causa de impugnación. Shell alegó que el Tribunal de Apelaciones actuó correcta-mente al darle efecto prospectivo a su determinación. Ar-gumentó que no tenía forma de saber que Hacienda haría una nueva interpretación sobre este artículo. También ex-presó que esta nueva interpretación le violó el debido pro-ceso de ley, porque no tuvo un aviso adecuado sobre la nueva norma establecida. Además, añadió que esta nueva interpretación tiene el efecto de negarle acceso al foro judicial para impugnar la contribución.
Conforme a la jurisprudencia aludida y el derecho apli-cable, resulta forzoso concluir que carecen de méritos las alegaciones de Shell en cuanto a que procedía darle efecto prospectivo a la decisión del foro apelativo. Shell no puede alegar que no tenía forma de saber que Hacienda haría una nueva interpretación sobre el Art. 3.48 de la Ley Núm. 83, supra. Desde el 2007, en el caso de Villamil Development v. CRIM, supra, interpretamos que el Art. 3.48 de la Ley Núm. 83, supra, contempla solo dos alternativas. Las *128 alegaciones de Hacienda no son nuevas interpretaciones del artículo como expresa Shell.
De otra parte, según expresamos en el caso de Lilly del Caribe v. CRIM, supra, y como bien resolvió el foro apelativo, el texto del Art. 3.48 de la Ley Núm. 83, supra, es claro en cuanto a las circunstancias en las que es permisi-ble el pago del cuarenta por ciento de la contribución y cuando se tiene que pagar el cien por ciento de la contribu-ción al impugnar la contribución notificada. Quiere decir, que no existe otra posible interpretación al artículo. Es evidente que el Art. 3.48 de la Ley Núm. 83, supra, no contempla la interpretación que pretendió establecer Shell. Es por eso que Shell no puede alegar que confió en una norma anterior que quedó desplazada por una nueva norma. Debido a que el texto del Art. 3.48 de la Ley Núm. 83, supra, es claro y libre de ambigüedad, su disposición siempre ha sido la norma establecida. Por lo tanto, a Shell no se le violó el debido proceso de ley.
No obstante, a pesar de su interpretación, el foro intermedio no desestimó la causa de acción y le dio la oportunidad a Shell de subsanar el defecto jurisdiccional. Ciertamente, erró el foro apelativo intermedio; un requisito jurisdiccional no puede ser aplicado prospectivamente. Las partes no pueden alegar que se la ha violado el debido proceso de ley por no tener una notificación adecuada o que el resultado sería injusto. Ante un mandato claro y expreso de la ley, se tiene que hacer valer tal mandato como lo expresó el legislador. Cuando se incumple con el requisito jurisdiccional que estableció el legislador la única alternativa es la desestimación de la causa, pues tal defecto es insubsanable. Por lo tanto, el Tribunal de Apelaciones solo poseía jurisdicción para dictaminar que no la tenía.(34)
Shell tenía que cumplir con el requisito jurisdiccional como se establece en el Art. 3.48 de la Ley Núm. 83, supra, *129 cuando se impugna la totalidad de la contribución. Shell debió saber que la consecuencia de incumplir con el requi-sito jurisdiccional de la forma dispuesta por el estatuto en controversia era la desestimación de la acción de impugna-ción contributiva. Por lo tanto, su incumplimiento privó de jurisdicción al tribunal.
Acorde a lo anterior, es importante aclarar que la inter-pretación que esta Curia ha hecho sobre el Art. 3.48 de la Ley Núm. 83, supra, no pone en riesgo la seguridad jurí-dica de quienes descansan en decretos de exención, como hizo Shell en este caso. Simplemente explicamos que el contribuyente que impugne la totalidad de la contribución especial, utilizando la acción de impugnación que concede ese artículo, está sujeto al requisito jurisdiccional que allí se dispone. Una vez el tribunal atiende el caso en sus mé-ritos y resuelve a favor del contribuyente, la ley le garan-tiza el rembolso total de la contribución pagada. En lo que nos concierne, el Art. 3.48(b) de la Ley Núm. 83, supra, indica:
... Si la decisión del Tribunal fuere favorable al contribuyente y éste hubiere pagado la contribución impugnada en o con posterioridad a lo establecido en este artículo, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribu-ción o la parte de ella que estimare el Tribunal fue cobrada en exceso, con los intereses correspondientes por ley, computados desde la fecha de pago de la contribución impugnada.
Por lo tanto, podemos observar que no se pone en riesgo la seguridad jurídica de quienes descansan en decretos de exención. Una vez el contribuyente cumpla con el requisito jurisdiccional podrá defender su decreto de exención ante el foro judicial. Si el tribunal resuelve que, en efecto, el contribuyente está exento de la contribución especial, ten-drá derecho al rembolso de la contribución que pagó y, ade-más, tendrá derecho a los intereses correspondientes por ley computados desde la fecha en que pagó la contribución.
Según los fundamentos expuestos, era necesario que Shell pagara la totalidad de la contribución notificada *130 como requisito jurisdiccional antes de presentar su acción judicial. Al no hacerlo privó de jurisdicción al foro judicial para atender su reclamo. Por lo tanto, procede desestimar la causa de impugnación.
IV
En armonía con lo antes señalado, se revoca la sentencia emitida por el Tribunal de Apelaciones y, como resultado, se desestima la causa de acción por falta de jurisdicción.

Se dictará sentencia de conformidad.

 Cabe señalar, que Shell Chemical Yabucoa, Inc. ahora es conocida como Buckeye Caribbean Terminals, LLC. Sin embargo, para fines de este caso utilizare-mos el nombre de “Shell”, tal y como surge del epígrafe. Véase Alegato de Shell, pág. 1.

 Apéndice de la Petición de certiorari, págs. 76-101.

 21 L.P.R.A. sec. 5098a(a).

 Apéndice de la Petición de certiorari, pág. 237.

 Apéndice de la Petición de certiorari, pág. 342.

 21 L.P.R.A. sec. 5098.

 13 L.P.R.A. ant. sec. 9401-9408.

 Ley Núm. 120-1994 (13 L.P.R.A. ants. secs. 9401-9408).

 21 L.P.R.A. sec. 5001 et seq.

 Véase Exposición de Motivos de la Ley Núm. 83 (1991 (Parte 1) Leyes de Puerto Rico 689).

 A pesar de que este artículo fue posteriormente enmendado por la Ley Núm. 71-2010, presentamos el artículo sin enmendar, ya que era el vigente cuando se suscitó la controversia. De todas formas, lo relacionado con el aspecto jurisdiccional no sufrió cambio alguno con la nueva ley.

 Villamil Development v. C.R.I.M., 171 D.P.R. 392, 405-406 (2007).

 Lilly del Caribe v. CRIM, 185 D.P.R. 239 (2012); Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231 (2010); Rosario v. Dist. Kikuet, Inc., 151 D.P.R. 634 (2000).

 Lilly del Caribe v. CRIM, supra.

 Cruz Parrilla v. Depto. Vivienda, 184 D.P.R. 393 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 D.P.R. 675 (2011).

 J.A. Echevarría Vargas, Procedimiento Civil puertorriqueño, Colombia, Ed. Nomos, 2010, pág. 25. Véase también, S.L.G. Solá-Moreno v. Bengoa Becerra, supra.

 J.A. Cuevas Segarra, Tratado de derecho procesal civil, San Juan, Pubs. J.T.S., 2011, T. I, pág. 192.

 Cruz Parrilla v. Depto. Vivienda, supra; Souffront v. A.A.A., 164 D.P.R. 663 (2005).

 Souffront v. A.A.A., supra; Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003).

 I. Rivera García, Diccionario de términos jurídicos, 3ra ed., San Juan, Ed. LexisNexis, 2000, pág. 235.

 Virella v. Proc. Esp. Rel. Fam., 154 D.P.R. 742 (2001).

 S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873 (2007); Virella v. Proc. Esp. Rel. Fam., supra.

 S.L.G. Solá-Moreno v. Bengoa Becerra, supra. Véase, además, Cuevas Segarra, op. cit., pág. 193.

 S.L.G. Solá-Moreno v. Bengoa Becerra, supra; González v. Mayagüez Resort & Casino, 176 D.P.R. 848 (2009).

 S.L.G. Szendrey-Ramos v. F. Castillo, supra; Montañez Rivera v. Policía de Puerto Rico, 150 D.P.R. 917 (2000).

 Cafeteros de Puerto Rico v. Srio. de Hacienda, 82 D.P.R. 633, 641 (1961).

 Picorelli López v. Depto. de Hacienda, 179 D.P.R. 720, 733 (2010).

 Id.; Ortiz v. Srio. de Hacienda, 118 D.P.R. 572, 575 (1987); Robert Vizcarrondo v. Srio. de Hacienda, 114 D.P.R. 566, 574 (1983).

 Cruz Parrilla v. Depto. Vivienda, supra; J. Directores v. Ramos, 157 D.P.R. 818, 823 (2002); Lagares v. E.L.A., 144 D.P.R. 601, 615 (1997).

 Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849 (2010).

 Cruz Parrilla v. Depto. Vivienda, supra; Soc. Asist. Leg. v. Ciencias Forenses, supra.

 Lilly del Caribe v. CRIM, supra.

 El P. de la C. 1543 se convirtió eventualmente en el Art. 3.48 de la Ley Núm. 83, supra.

 S.L.G. Solá-Moreno v. Bengoa Becerra, supra, págs. 682-683; Carattini v. Collazo Syst. Analysis, Inc., supra, pág. 355.